UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------   x
IN RE: JOHN FLYNN                                              :
                                                               :
JACOB W. DELL,                                                 :
                                                               :   25-CV-573 (SFR)
                                        Petitioner.            :
                                                               :
------------------------------------------------------------   x
```

**ORDER**

Petitioner Jacob W. Dell has filed an "Invocation of Habeas Corpus Ad Subjiciendum," seeking the release of John Flynn from Whiting Forensic Hospital. *See* Pet. 1–3, ECF No. 1. Whiting Forensic Hospital is "an entity of the State of Connecticut's Department of Mental Health and Addiction Services" that "specializes in providing inpatient services to individuals involved in the criminal justice system, including by means of Psychiatric Security Review Board commitment, criminal court order for restoration of competency to stand trial, and voluntary and involuntary civil commitment." *Allen v. Sidaros*, No. 3:20-CV-1276 (JAM), 2022 WL 475183, at *1 (D. Conn. Feb. 16, 2022) (internal quotation marks omitted).

A petition for writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242.[1] The habeas petition in this case is not signed by Flynn, "the person for whose relief it is

---

[1] This rule applies whether the petition is brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. From the face of the petition, it is unclear whether Flynn is being held as a pretrial detainee in a state criminal case or detained pursuant to a civil commitment order or some other authority. See Smith v. New Haven Superior Ct., No. 3:20-CV-00744 (KAD), 2020 WL 4284565, at *4 (D. Conn. July 27, 2020) (noting "a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law" may seek relief under § 2241) (internal quotation marks omitted); Sastrom v. Conn. Psychiatric Sec. Rev. Bd., No. 3:21-CV-640 (JAM), 2022 WL 226806, at *3 (D. Conn. Jan. 25, 2022) (construing challenge to state civil commitment order as a petition under § 2254). For purposes of this Order, I need not resolve whether to construe this filing as a § 2241 or § 2254 petition.

intended," but rather by Petitioner, "someone acting in his behalf." *See* Pet. 3, ECF No. 1. The Court may consider a habeas petition filed by "someone acting in [Flynn's] behalf" if the petitioner is acting as Flynn's "next friend." *See Pritchard v. Jones*, No. 3:24-CV-1103 (SVN), 2024 WL 3595923, at *1 (D. Conn. July 31, 2024) (citing *Ross ex rel. Smyth v. Lantz*, 396 F.3d 512, 513–14 (2d Cir. 2005)) (noting that "either the person in custody or someone acting on his behalf, as his 'next friend,' can pursue habeas relief").

"A 'next friend' does not [them]self become a party to the habeas corpus action in which [they] participate[], but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Because a "next friend" is not a party to the habeas action, "the 'next friend' must demonstrate that he or she has standing to act on the person's behalf." *Connally-Bey as next friend to Soto v. Caputo*, No. 22-CV-2966 (LTS), 2022 WL 1137166, at *1 (S.D.N.Y. Apr. 18, 2022). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. Rather, "[d]ecisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for 'next friend' standing." *Id.* First, the "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, the "next friend" "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and "have some significant relationship with the real party in interest." *Id.* at 163–64. "The burden is on the 'next friend' clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* at 164.

The Court cannot glean from the petition any relationship Petitioner has with Flynn, let alone a "significant" one. Because Petitioner has not met the burden of showing a significant relationship with Flynn, Petitioner lacks "next friend" standing to bring a habeas petition on Flynn's behalf. *Pritchard*, 2024 WL 3595923, at *2 (denying "next friend" standing where proposed next friend provided description identifying himself but "petition includes no information showing how this description supports a significant relationship with [petitioner]"). In addition, Flynn himself has filed an identical habeas petition in a separate case, *Flynn v. Whiting Forensic Hospital*, No. 25-cv-636-SFR (D. Conn. filed Apr. 22, 2025).

"When the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Pritchard*, 2024 WL 3595923, at *2 (internal quotation marks omitted). The petition for writ of habeas corpus is therefore dismissed for lack of jurisdiction. This Court will consider the identical habeas petition filed by Flynn himself in *Flynn v. Whiting Forensic Hospital*, No. 25-cv-636-SFR (D. Conn. filed Apr. 22, 2025). To the extent Petitioner seeks to pursue a habeas petition as Flynn's "next friend" instead of Flynn pursuing the petition himself, Petitioner may file an amended petition by **June 6, 2025.** Any amended petition filed by Petitioner must explain how they meet the requirements to proceed as Flynn's "next friend" under the legal standard set forth in this Order.

                    **SO ORDERED.**

Bridgeport, Connecticut
May 16, 2025

                  /s/*Sarah F. Russell*
                  SARAH F. RUSSELL
                  United States District Judge